# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| JERRY LYNN PECK | CIVIL ACTION NO. 05-1162 |
| VERSUS | JUDGE HICKS |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is JERRY LYNN PECK's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241." [Doc. No. 1-1] Within his supporting memorandum, Petitioner complains of prosecutorial misconduct by the Assistant United States Attorney. Petitioner made this same claim in a prior petition pursuant to Section 2241 and the claim was rejected as an untimely Section 2255 motion. See Docket No. 96-CR-50025. The "Section 2241" petition which Petitioner filed in the instant matter asserts almost the exact same claim. Accordingly, the Magistrate Judge found that the petition was a successive Section 2255 motion and gave Petitioner time to file evidence that he had obtained appropriate authorization from the appellate court to proceed with his action.[1] [Doc. No. 4]. Petitioner having failed to file such evidence, the Magistrate Judge issued a Report and Recommendation which recommended that his suit be dismissed without prejudice for failure to obtain prior authorization from Fifth Circuit Court of Appeals under Sections 2255 and 2244. [Doc. No. 7].

---

[1] Although Peck tried to avail himself of the saving clause exception of 2255, he failed to show he met the exception's prerequisites as set forth in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

However, Petitioner's Objection to the Magistrate's Report and Recommendation (titled a "Response and Motion for Reconsideration") clarifies that he does not want the Court to "vacate" his sentence pursuant to Section 2255, but rather to issue an order that his federal sentence is currently being served concurrently with his Tennessee state court sentence. [Doc. No. 8]. Since Petitioner has clarified that he is challenging only the execution of his federal sentence and not the sentence itself, the Court finds that his claim falls under Section 2241.[2] However, the district of incarceration is the only district that has jurisdiction to entertain a Section 2241 claim. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Since Petitioner was incarcerated in Tennessee at the time he filed his Petition, this Court is without jurisdiction.

For the foregoing reasons:

**IT IS ORDERED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 17th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In his Objection to the Report and Recommendation, Petitioner admits that he is not contesting the legality of his federal sentence. [Doc. No. 8] Accordingly, despite the arguments made in the Petition, the Court considers any claims cognizable under Section 2255 to have been abandoned. Accordingly, the Court declines to adopt the Magistrate's Report and Recommendation.